UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

UNITED STATES OF AMERICA

v.                    6:09-cr-48

JOHNATHAN MANN,

Defendant.

## ORDER

Over four years ago, the Government indicted Johnathan Mann for his participation in a criminal conspiracy to distribute cocaine. ECF No. 1. Through his surety, Michael Mathews, he deposited $5,000.00 for bail. ECF Nos. 458; 1095. Though Mr. Mann's conditions of release included a prohibition on committing further crimes, he was arrested while out on bail for driving under the influence. ECF No. 1097 at 1. Therefore, the Court revoked his bond. ECF No. 522. However, the Court did not explicitly order any forfeiture during that hearing. *Id.* Importantly, the record does not reflect any Government motion for forfeiture until this month.

Mr. Mann has filed an Amended Motion to Exonerate Bond, ECF No. 1095, in which he requests that the $5,000.00 be returned to Mr. Mathews with interest. *Id.* at 2. Both parties have framed this dispute purely in terms of exoneration. Federal Rule of Criminal Procedure 46(g) provides that the Court "must exonerate the surety and release any bail when a bond condition has been satisfied or when the court has set aside or remitted the forfeiture. The court must exonerate a surety who deposits cash in the amount of the bond or timely surrenders the

defendant into custody." But outside of those circumstances, exoneration is generally discretionary. *See Herman v. U.S.*, 289 F.2d 362, 366 (5th Cir. 1961), *overruled on other grounds by U.S. v. Zuniga-Salinas*, 952 F.2d 876 (5th Cir. 1992). Rule 46(g) provides scenarios where a judge *must* exonerate; it notes no scenario where a judge *must not* do so.

Federal Rule of Criminal Procedure 46(f), which governs bail forfeiture, similarly invokes judicial discretion. Though Rule 46(f)(1) notes that a judge "must declare the bail forfeited if a condition of the bond is breached," Rule 46(f)(2)(B) notes that the judge may set aside the forfeiture if "it appears that justice does not require bail forfeiture."

Here, justice does not require that Mr. Mathews forfeit the disputed $5,000.00. Rules 46(f) and (g), when read together, reward sureties who ensure that their charge is properly surrendered to the government and who comply with the mandates of the Court. The Government's four-year delay in seeking permanent possession of these funds militates against the likelihood that keeping them is necessary and just. Rule 46(f) gives this Court discretion in making such a decision. Therefore, Defendant's Amended Motion to Exonerate Bond, ECF No. 1095, is **GRANTED**.

This 15 day of April 2014.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA